Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 24 | **DATE** | 5/28/2003 |
| **CASE TITLE** | Hobson vs. Potter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Judgment is therefore entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 29 200_ date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 38 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/28/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA L. HOBSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 02 C 24 |
| JOHN E. POTTER, in his official capacity as Postmaster General of the United States, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vanessa L. Hobson, an African-American woman, was transferred from the operations department of the United States Postal Service facility where she works to the marketing department of the same facility after her manager received an anonymous phone call informing him that she was married to her immediate supervisor, who is white. Ms. Hobson sues John Potter, the Postmaster General, for retaliation and discrimination under Title VII, 42 U.S.C. § 2000e *et seq.* The defendant now moves for summary judgment. I grant the motion.

A motion for summary judgment should be granted only when, viewing the admissible evidence in the light most favorable to the nonmoving party, the case presents no genuine issue of material fact. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). Because Ms. Hobson presents no direct evidence of racial hostility to support her discrimination claim, I will

38

analyze it under the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this method, a plaintiff has the burden of establishing a *prima facie* case of discrimination. Once she has done so, the employer must produce a nondiscriminatory reason for the employment action. If it does, the plaintiff must present sufficient evidence to allow a trier of fact to find that the employer's explanation is pretextual. *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). In order to establish a *prima facie* case of racial discrimination, the plaintiff must prove (1) that she was a member of a protected class; (2) that she was performing her job satisfactorily; (3) that she experienced an adverse employment action, and (4) that similarly situated individuals who were not members of the protected class were treated more favorably. *Id.*

Elements (1) and (2) are not in dispute. Both parties agree that Ms. Hobson is African-American and that she performed her job satisfactorily. Element (4) has likewise been met; the Manager of Human Resources for the Postal Service district where Ms. Hobson was employed acknowledged in his deposition that at the time of Ms. Hobson's transfer, there were "some" other, non-interracial conjugal couples in direct supervisory relationships. (Simmons Dep. at 80). However, the parties disagree strongly as to whether Ms. Hobson's transfer was an adverse employment action. Ms. Hobson contends that she is now forced to perform an operations-related

2

job under a supervisor whose specialty is marketing, that her workspace was moved 300 feet down the hall, making it harder for her to access and seek help from her colleagues in the operations department, and that the switch has made it more difficult for her to do her work. The defendant counters that Ms. Hobson is performing the same work, for the same pay, with the same title, in the same building, and that such a transfer is not adverse as a matter of law.

Cases in this circuit make this question a close call. On the one hand, "[a]dverse employment action has been defined quite broadly in this circuit." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). Transfer to a department where the supervisors did not understand the plaintiff's job, in combination with a change of duties from consulting to referencing and various indignities such as the withdrawal of the plaintiff's office, telephone, and business cards, was found to be an adverse employment action in *Collins v. State of Illinois*, 830 F.2d 692, 704 (7th Cir. 1994). Yet the Seventh Circuit has also made clear that "not everything that makes an employee unhappy is an actionable adverse action." *Smart*, 89 F. 3d at 441. For example, a salesman's transfer to new territory, which resulted in a decrease in his commission earnings, and his employer's insistence that he enroll in a disciplinary sales coaching program, did not constitute an adverse employment action. *Williams v. Bristol-Meyers*

3

*Squibb Co.*, 85 F. 3d 270, 272-74 (7th Cir. 1996). The question of whether a change in working conditions is materially adverse is one of fact, and can be resolved on summary judgment only "if the question is not fairly contestable," *Id.* at 273-74. Viewing the evidence in the light most favorable to the non-moving party, I hold that Ms. Hobson has met her burden as to the third element of the *McDonnell* test.

However, Ms. Hobson's successful *prima facie* case does not save her claim. The burden now shifts to the defendant, who has amply demonstrated a nondiscriminatory reason for transferring Ms. Hobson, namely the conflict of interest that necessarily occurs when one spouse directly supervises another at work. Ms. Hobson simply has not offered any evidence by which a reasonable fact-finder could conclude that the defendant's explanation for her transfer is pretext. Her own union representative, who was authorized to speak for her, acknowledged "the need for Ms. Hobson to report to someone other than" her husband. Ms. Hobson's argument that her husband did not in fact show her any favoritism is not relevant; it is entirely proper for an employer to avoid the *appearance* of favoritism by preventing spouses from reporting directly to one another. Equally inapposite is Ms. Hobson's argument that she was treated unfairly because at the time of her transfer, the Post Office handled cases of conflict of interest as they came to a manager's attention, usually by word of mouth,

4

rather than via across-the-board inquiry into its supervisors' private lives. Evidence that the Post Office only separated spouses when it received information about their relationships is not evidence that an individual choice to separate spouses was racially motivated. Ms. Hobson has not produced any evidence suggesting that the Post Office failed to act in any cases after it was made aware of same-race spouses in supervisory relationships – only that it failed to act when it was unaware that such relationships were taking place.

Ms. Hobson complains that her transfer was instituted in retaliation for her husband's complaint of racial discrimination. Ms. Hobson's husband filed an EEO action and a union grievance when he was transferred to solve the conflict of interest created by the reporting relationship between Ms. Hobson and her husband. When that grievance was settled through her husband's return to his old position, Ms. Hobson was transferred. The *McDonnell* burden-shifting analysis described above is applied in cases of alleged retaliation as well as cases of alleged racial discrimination. *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1038-39 (7th Cir. 1998). Ms. Hobson will be unable to show that her employer's explanation for the transfer is mere pretext. Her employer's initial attempt to remove Ms. Hobson and her husband from a direct reporting relationship took place before either of them filed a claim of discrimination. There is no evidence that its second

5

attempt to separate the two, by transferring Ms. Hobson, was done to punish Ms. Hobson.

The motion for summary judgment is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*
Elaine E. Bucklo
United States District Judge

Dated: May 28, 2003